## In re BAETZ.

### No. 2585.

Court of Customs and Patent Appeals.

Feb. 3, 1931.

Harry A. Beimes, of St. Louis, Mo., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has filed his application in the Patent Office for patent on certain claimed improvements in air heating apparatus. As a result of the proceedings in that office, some claims were allowed to the applicant, but claims 6, 7, 8, and 9 were rejected by the Examiner and by the Board of Appeals. These claims cover substantially the same subject-matter, and the Board of Appeals has selected claim 9 as illustrative.

We think it is fairly so illustrative, and is as follows: "9. An air heater comprising a suitable casing having an air inlet and an air outlet, a radiator within said casing having a heating surface, means for introducing a heating medium into the radiator, means for moving a column of air through the casing in a direction substantially parallel with the radiator heating surface, and means arranged in succession for deflecting the air from its course parallel with the radiator surface to a course substantially at right angles thereto to cause the air to repeatedly impinge on the radiator surface."

The claims were rejected on the following references: Gold, 231,485, August 24, 1880; Hubbard, 1,223,978, April 24, 1917; Monaghan, 1,425,674, August 15, 1922.

The Board of Appeals also cited, as references, Little, 1,502,858, July 29, 1924, and Canfield, 401,685, April 16, 1889.

Appellant's device consists of a heating unit wherein all of the air passing through the heater casing must come into contact with heat radiators forming a part of the heating element. It is claimed that air, in passing by a heat radiator, is only heated as to those portions of the air which are immediately in contact with the radiator, and that air being a poor conductor of heat, the balance of the air does not become heated, except imperfectly. Appellant has, therefore, contrived a device by which all portions of the air in a heating element may be caused to impinge upon, and come in contact with, the heat radiators and thus all portions of the air in the heater become heated. This is accomplished by having a casing with a fan at the bottom thereof, and an opening for ingress of air at the bottom of the heating unit. There is, also, an opening at the top where the heated air emerges. Stationed above the fan, inside the casing, are two flat copper heat radiators. The air entering the casing is forced by the fan against a series of baffle plates set diagonally to the exterior surfaces of the heat radiators, and in such a way as to cause the air propelled by the fan to be deflected by these baffles against the heating elements. After having done so, the air is deflected from the heat radiators into spaces between the baffle plates, then strikes other baffle plates, is again deflected against the heat radiators, and thereafter emerges from the heating unit. A series of these baffle plates is located on each side of each heat radiator. The baffle plates are of an unusual type, having corrugated sides, the corrugations of which are arranged alternately with the cor-

rugations of the adjacent baffle plates. By this means the air is broken up, as it is said by the inventor, into more finely divided currents, and is thus more intimately brought into contact with the heat radiators. The peculiar form and make-up of these baffle plates has been thought patentable by the Patent Office, and counts have been allowed therefor in this application.

The refused claims are, as will be observed, general in their character, and are not based upon any peculiar make-up of the baffle plates, but upon the general idea of deflecting a current of air moving through a heating unit so that it will strike the radiator surface at substantially right angles, or at some other angle as is claimed in refused claim 6.

We have examined the references and think they constitute a full and complete anticipation of the broad idea incorporated in the refused claims. The idea of forcing air through a casing to bring it in contact with a heat radiator is old in the reference Hubbard. The reference Canfield shows a casing containing a series of diagonally disposed heat radiators with solid baffle plates between them so that a current of air entering at the bottom of the casing will be caused to be deflected against the respective heating radiators as the air passes to the top and out of the casing. The reference Monoghan also shows a similar casing, with baffle plates arranged to deflect the currents of rising air against the heat radiators. As this is all that is claimed by the rejected claims, we are of opinion the rejection was proper, and the decision of the Board of Appeals is affirmed.

Affirmed.